IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERT LEON RABON, REG. NO. 12504-003, | ) ) ) |
| Rabon, | ) ) |
| v. | ) CIVIL ACTION NO.: 2:17-CV-360-ECM ) [WO] |
| WALTER WOOD,[1] | ) ) |
| Respondent. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This is a *pro se* petition for a writ of habeas corpus filed by a federal prisoner, Albert Rabon, under 28 U.S.C. § 2241. Rabon filed this petition while incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama, serving a 70-month sentence imposed by the United States District Court for the Southern District of Alabama on October 12, 2012 for his conviction under 18 U.S.C. § 922(g) of being a felon in possession of a firearm. He argues in his petition that he is due a credit of nine months on his federal sentence for time he spent in the temporary custody of the United States Marshals Service ("USMS") from his federal sentencing on October 12, 2012 through July 22, 2013, when he was paroled by the Alabama Department of Corrections.[2] Doc. 1.

---

[1] Although Rabon named both Warden Walter Woods and the United States as respondents, the United States is an improper party to a habeas petition because the only "proper respondent is the warden of the facility where the prisoner is being held[.]" *Rumsfeld v. Padilla*, 524 U.S. 426, 435 (2004).

[2] State law enforcement officials arrested Rabon on June 2, 2009 on a parole violation. Rabon's parole was revoked on June 22, 2009. On February 27, 2012, the USMS took temporary custody of Rabon under a federal writ of habeas corpus ad prosequendum. Rabon's federal sentence began on July 22, 2013, when he was paroled from the Alabama Department of Corrections and received into Federal Bureau of Prisons' ("BOP") custody. Because the judgment and commitment order entered on Rabon's federal sentence was

Respondent filed an answer arguing that the 28 U.S.C. § 2241 petition for writ of habeas corpus is due to be dismissed because Rabon failed to exhaust his available administrative remedies through the BOP prior to filing his petition. Doc. 12.  Additionally, Respondent argues that the petition for habeas corpus relief is due to be denied because Rabon is entitled to no relief on his claims.  The court granted Rabon an opportunity to respond to Respondent's answer and he did so. Doc. 17.  A review of the court's docket and information obtained from the BOP's website,[3] however, reflects that Rabon was released from custody during the pendency of this action.

## II. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974).  In a case such as this, where the only relief requested is injunctive, it is possible for events occurring after the filing of the petition to render the matter moot. *Nat'l Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (relating to a change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (relating to a transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2d Cir. 1977) (relating to a change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  Federal courts may not rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).  Furthermore, "[t]his case-or-controversy requirement subsists through all stages

---

silent as to how his sentence would run, the BOP calculated his federal prison term as a 70-month consecutive sentence. Docs. 12-1 & 12-2.

[3] This information is available at *https://www.bop.gov/inmateloc/* (last visited May 22, 2019).

of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id.*

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) (citations omitted), the court determined that a

> case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

Rabon's ultimate objective in filing this action was to secure nine months of jail credit on his federal sentence for time spent in temporary custody of the USMS—time credited to his state sentence. *See* Doc. 12-1. Rabon has since been released from custody, however, and there is no longer a case or controversy to litigate. *United States ex rel. Graham v. U.S. Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278–79 (5th Cir. 1987).

### III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Albert Rabon be DISMISSED as moot because a favorable decision on the merits would not entitle him to any additional relief.

It is ORDERED that **on or before June 5, 2019**, Petitioner may file an objection to the Recommendation. Petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and

factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 22nd day of May, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE